**FILED**
**Mar 16, 2023**
**12:46 PM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Corey Richards,** | ) | **Docket No. 2021-06-0996** |
| Employee, | ) | |
| v. | ) | |
| **Federal Express Corp.,** | ) | **State File No. 67786-2021** |
| Employer, | ) | |
| And | ) | |
| **Indemnity Insurance Co. of N. Am.,** | ) | **Judge Kenneth M. Switzer** |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an expedited hearing on March 9, 2023, on Corey Richards's request for benefits for a foot, ankle, and leg injury he suffered while working for Federal Express Corporation. FedEx denied the claim, arguing that the injuries are idiopathic and alternatively that a previous accident caused them. Although the Court rejects FedEx's contentions, it holds that on the current record, Mr. Richards has offered insufficient medical proof. His request for benefits is denied at this time. The Court additionally refers FedEx to the Compliance Program for the potential imposition of penalties.

### Claim History

Mr. Richards has worked for FedEx for several years. He testified that he had moved to Nashville for a new position within the company, and June 1, 2021, was his first day. He was working in a refrigerated warehouse, standing on concrete for a nine-hour shift with no breaks, loading and offloading pallets from a conveyor belt. He said his right lower ankle and foot were in "pretty exceptional pain" by the end of the day. He began to feel dizzy. He left the warehouse and later fainted in a driveway.

Mr. Richards was transported to the emergency room immediately afterward, where he was seen for "syncope" and "fainting, uncertain cause." He was taken off work for two days.

1

Mr. Richards testified that a few days later, FedEx directed him to a clinic to get a "return to work" letter. He saw a nurse practitioner, who documented "[s]yncopal episodes" and "[p]ain in joint involving right lower leg." The nurse practitioner released Mr. Richards from treatment and returned him to full-duty work.

After resuming work, Mr. Richards's foot pain returned, causing him to visit another emergency room in late June. He complained of "right ankle and foot pain" and "acute exacerbation of chronic right lower leg pain." The doctor recommended he see an orthopedist and took Mr. Richards off work for two days.

Mr. Richards then talked to a supervisor, who advised him to see a primary care physician. The supervisor also told Mr. Richards he would "try to talk to work comp," but Mr. Richards never heard back from him about that.

Mr. Richards eventually learned that the carrier had erroneously recorded that he injured his knee from a fall after fainting—not that he was experiencing foot and ankle pain that caused him to faint. Mr. Richards explained this to FedEx's former attorney. He testified that the attorney told him he needed to obtain medical proof on his own to show that the injury was not idiopathic.

So, Mr. Richards saw multiple providers, beginning with primary care physician Dr. William Halford, whom he saw that summer. He introduced two off-work slips from him. However, Mr. Richards did not submit any records from these visits that described the injury or its cause.

Around this same time, Dr. Geoffrey Watson saw Mr. Richards. A referral order states that he diagnosed right posterior tibial tendonitis and referred Mr. Richards to physical therapy. Again, no records of this visit were submitted.

On October 3, 2021, FedEx denied the claim on grounds that the "[i]ncident appear[ed] idiopathic in nature and no medical documentation [was] received to support a work related injury." The cover letter, also dated October 3, stated, "The effective date of denial is 06/01/21."

In March 2022, Mr. Richards saw podiatrist Dr. Jeffery Poole twice and mentioned the work incident both times. Dr. Poole diagnosed tarsal tunnel syndrome and at the first visit wrote: "Patient states he works 1 day at FedEx on hard floors all day and then began having excruciating pain into the arch. . . . Patient relates no history of injury or trauma antecedent to that within the near past." At the second visit, the doctor wrote:

> [S]till maintains that he was working and walking and functioning fine up until June 1, his first day at work [at] FedEx, when the pain started and worsened significantly to the point where he is not able to stand and walk for

prolonged periods of time. He relates no specific injury during the day that he could specifically point to [w]hat brought this pain on.

The final word on the injury came from Dr. Halford. He wrote a letter in April 2022 that reads, "Mr. Richards has had pain in his right foot and ankle since an injury that occurred at work on June 1, 2021. It appears by his history that his activity triggered more than 51% of this painful syndrome."

According to Mr. Richards, he has reached maximum recovery but might need surgery in the future. Since his injury, when placed on restricted duty, FedEx did not accommodate him, so he has not returned to work.

On cross-examination, Mr. Richards agreed that he had a previous injury to the same leg in 2016. He said that the treatment was extensive; he needed eighteen surgeries. But that injury involved the upper part of his lower right leg, as tibial and fibular fractures. While later training as a pilot, Mr. Richards submitted thousands of medical records to the Federal Aviation Administration to prove his leg was structurally sound. Further, for five years before this injury, he performed all of his job duties at FedEx without difficulty.

Mr. Richards also disputed that he did not consult FedEx before seeking unauthorized treatment. Rather, a supervisor and his personal insurance told him to treat on his own and that they would talk with the workers' compensation carrier about coverage.

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law requires an employer to furnish medical treatment for work-related injuries. Tenn. Code Ann. § 50-6-204(a)(1)(A) (2022). FedEx argued that Mr. Richards's injury was not work-related but rather was idiopathic, or "of unknown cause."

An idiopathic injury "generally does not arise out of the employment unless 'some condition of the employment presents a peculiar or additional hazard.'" *Veler v. Wackenhut Servs.*, No. E2010-00965-WC-R3-WC, 2011 Tenn. LEXIS 78, at *9 (Tenn. Workers' Comp. Panel Jan. 28, 2011). Conversely, an injury that occurs due to an idiopathic condition is compensable "if an employment hazard causes or exacerbates the injury." *McCaffery v. Cardinal Logistics*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *10 (Dec. 10, 2015).

Here, Mr. Richards credibly testified that working on his feet for nine hours on concrete caused intense foot, ankle, and lower leg pain. FedEx counters that he was "standing when he experienced the onset of pain in his leg[.]"

Perhaps a physician would agree that standing for several hours would not cause intense foot pain and that the injury is idiopathic. But FedEx only authorized one provider, a nurse practitioner to whom it directed Mr. Richards rather than offering him a panel. FedEx never obtained a causation opinion from a physician. Its claim that the injury is idiopathic is argument, not proof. *See Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018) (parties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments).

Moreover, by releasing Mr. Richards from care, the nurse practitioner essentially placed him at maximum medical improvement, which he is not qualified to do. *See* Tenn. Comp. R. & Regs. 0800-02-17-.25(2) (September, 2021) ("The authorized treating physician is required and responsible for the employee's maximum medical improvement (MMI) date[.]").

FedEx additionally argued that the previous injury caused his foot pain. But it offered no medical proof to substantiate that. Mr. Richards convincingly explained that the 2016 accident affected a different part of his leg and that he recovered fully from it.

Still, Mr. Richards, as the employee in a workers' compensation case, has the burden of proving all essential elements of his claim for benefits. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). He must show that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1).

Specifically, Mr. Richards must show an incident, or set of incidents, arising primarily out of and in the course and scope of his employment. He must show, to a reasonable degree of medical certainty, that the injury "contributed more than fifty percent in causing the disablement or need for medical treatment, considering all causes." A "reasonable degree of medical certainty" means that, in the physician's opinion, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(12).

The medical proof in this case is incomplete and does not conform to this definition at this stage. Mr. Richards saw multiple providers, but he did not give a full set of records from any of them.

Dr. Poole diagnosed tarsal tunnel syndrome; Dr. Watson diagnosed posterior tibial tendonitis. The records contain contradictory diagnoses. But more importantly, they give no definitive opinion on whether Mr. Richards's foot and ankle condition arose primarily out of his employment.

4

The exception is Dr. Halford's letter. It stated that "Mr. Richards has had pain in his right foot and ankle since an injury that occurred at work on June 1, 2021. It appears by his history that his activity triggered more than 51% of this painful syndrome."

Reading this statement closely, it is insufficient proof of medical causation. Since Dr. Halford's records are incomplete, no evidence suggests that he considered other potential causes for the foot pain. Moreover, the phraseology "it appears by his history" conveys to this Court an element of impermissible speculation.

Therefore, the Court cannot find that Mr. Richards satisfied his burden to show that his current foot, ankle, and lower leg condition arose primarily out of his employment. *Id.* He is not likely on this record to prevail at a hearing on the merits. Having made that determination, no need exists to discuss his request for disability benefits at this time. Nothing precludes Mr. Richards from gathering additional evidence and renewing his request for benefits, either at a later expedited hearing or at the compensation hearing.

Finally, the Court refers this case to the Compliance Program for consideration of whether penalties are appropriate for FedEx's failure to offer a panel under Tennessee Code annotated section 50-6-204(a)(3)(A)(i) and Tennessee Compilation Rules and Regulations 0800-02-01.06(1) (February, 2018).

In addition, on this record it appears that FedEx did not decide compensability timely. It sent the denial form on October 3, 2021—more than four months after the alleged date of injury—and the cover letter curiously stated that the denial is effective as on June 1. *See* Tenn. Comp. R. & Regs. 0800-02-14-.04 (September, 2022) ("Decisions on compensability shall be made by the adjusting entity within fifteen (15) calendar days of the verbal or written notice of injury.").

IT IS THEREFORE ORDERED:

1. Mr. Richards's requested relief is denied at this time.

2. This case is set for a status hearing on **May 8, 2023, at 9:30 a.m. Central.** You must call 615-532-9552 or at 866-943-0025 to participate.

3. The case is referred to the Compliance Program for consideration of penalties as described above.

**ENTERED March 16, 2023.**


_Kenneth M. Switzer_
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**Appendix**

Technical record:
1. Petition for Benefit Determination, August 20, 2021
2. Petition for Benefit Determination, May 2, 2022
3. Dispute Certification Notice
4. Order Setting Status Hearing
5. Status Hearing Order
6. Hearing Request
7. Motion for Substitution of Counsel
8. Agreed Order of Substitution of Counsel
9. Employer's Response to Employee's Request for Expedited Benefits
10. Employer's Pre-Expedited Hearing Brief

Evidence:
1. Declaration of Mr. Richards
2. Wage statement
3. Denial form/letter
4. Composite medical records
5. Medical bills-Identification only

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on March 16, 2023.

| Name | Certified Mail | Regular mail | Email | Sent to |
|------|------|------|------|------|
| Corey Richards, employee | X | X | X | Chevycamaro1891@gmail.com<br>956 Glastonbury Rd.<br>Nashville TN  37217 |
| James Tucker, employer's attorney | | | X | jtucker@manierherod.com |
| Compliance Program | | | | WCCompliance.Program@tn.gov |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*